UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ERIC WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:24-CV-024-KAC-DCP |
| SCOTT COUNTY, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION & ORDER

On February 21, 2023, Petitioner pled guilty to burglary and received an eight-year sentence of supervised probation [Doc. 1 at 16]. Now before the Court is Petitioner's pro se petition for habeas corpus relief under 28 U.S.C. § 2254 in which he seeks to challenge that burglary conviction by asserting (1) a claim for prosecutorial misconduct and (2) various claims for ineffective assistance of counsel [*Id.* at 11-14]. In his Petition, Petitioner acknowledges that he failed to raise any of his claims for Section 2254 relief in a direct appeal, post-conviction petition, or post-conviction appeal [*Id.*]. For the reasons set forth below, the Court **DISMISSES the Petition without prejudice.**

A federal court may grant a prisoner habeas corpus relief under Section 2254 where the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1). Exhaustion requires a petitioner to "fairly present" a federal claim to the state courts to allow the state courts a "fair opportunity" to apply controlling legal principles to the facts bearing upon that claim. *See O'Sullivan*, 526 U.S. at 842, 844. Thus,

"state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas corpus relief. *See id*. at 845. Tennessee has determined that presentation of a claim to the Tennessee Court of Criminal Appeals will satisfy the requirement of presentation to the state's highest court. *See* Tenn. S. Ct. R. 39.

If a prisoner never presented a claim to the highest available state court and a state procedural rule now bars presentation of the claim, the claim is technically exhausted but procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 750 (1991); *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted."). A federal district court may review a procedurally defaulted habeas claim only where the petitioner shows cause for his default and actual resulting prejudice, "or . . . that failure to consider the claim[] will result in a fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 749-50.

Here, because Petitioner could have raised his prosecutorial misconduct claim in a direct appeal but failed to do so and his time for doing so has passed, that claim is technically exhausted but procedurally defaulted. In Tennessee, a post-conviction petitioner waives a prosecutorial misconduct claim by not presenting it on direct appeal. *Robinson v. State*, No. W2022-00048-CCA-R3-PC, 2023 WL 387076, at *7 (Tenn. Crim. App. Jan 25, 2023) (finding prosecutorial misconduct claim waived where the post-conviction petitioner had not raised it in his direct appeal). And a criminal defendant has thirty (30) days after a judgment against him to file a direct appeal.[1] Tenn. R. App. P. 4(a). Petitioner admits that he did not file a direct appeal of his burglary

---

[1] Notably, however, this Rule also provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a).

2

conviction raising his prosecutorial misconduct claim [*see* Doc. 1 at 2, 8], and his time for doing so has passed. Thus, this claim is technically exhausted but procedurally defaulted.[2]

Further, Petitioner has not yet exhausted his state court remedies for his ineffective assistance of counsel claims. But the time for doing so has likely not yet passed. Tennessee law provides that prisoners should raise claims challenging the ineffective assistance of counsel in a petition for post-conviction relief. *See*, *e.g.*, *Howard v. State*, 604 S.W.3d 53, 57 (Tenn. 2020) ("The deprivation of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act." (quoting *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016))). Tennessee imposes a one-year statute of limitation on post-conviction actions. Tenn. Code Ann. § 40-30-102(a) (setting forth the one-year limitation period for a post-conviction action). It appears that less than a year has passed since the trial court entered its judgment against Petitioner for the conviction he seeks to challenge in this action [*See* Doc. 1 at 16]. And Petitioner states in his Petition that he has not yet filed a petition for post-conviction relief [*Id.* at 2-7, 10]. Accordingly, Petitioner may still be able to file a petition for post-conviction relief in state court raising the ineffective assistance of counsel claims he seeks to bring in the Petition.

---

[2] Petitioner has not set forth cause and prejudice to excuse this default, nor has he alleged or shown that any failure by the Court to address this claim would be a miscarriage of justice. Moreover, to the extent that the Petition can be liberally construed to assert that Petitioner's procedural default of this claim was due to the ineffective assistance of his counsel for not filing an appeal despite Petitioner's requests that he do so [Doc. 1 at 7], Petitioner cannot rely on the ineffective assistance of his counsel as cause to excuse a procedural default in a federal habeas corpus action without first exhausting that ineffective assistance of counsel claim in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (providing that "an ineffective-assistance-of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted").

3

Where, as here, a petitioner files a habeas petition that contains both exhausted and unexhausted claims—commonly referred to as a "mixed petition"—a district court may "do 'one of four things'" to address the anomaly:

> "(1) dismiss the mixed petition in its entirety, ... (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, ... (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, ... or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims ha[ve] any merit."

*McBride v. Skipper*, 76 F.4th 509, 514 (6th Cir. 2023) (alteration in original) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1032-33 (6th Cir. 2009)). Option Two's stay-and-abeyance procedure is "available only in limited circumstances." *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). "A court should grant a stay and abeyance only when (1) 'the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court'; (2) where the unexhausted claims are not 'plainly meritless'; and (3) where 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *McBride*, 76 F.4th at 513 (quoting *Rhines*, 544 U.S. at 277-78).

As established above, Petitioner filed a mixed petition that contains both exhausted and unexhausted claims. This leaves the Court with the four options outlined in *McBride v. Skipper*. Because Petitioner has not requested that the Court stay the Petition and hold it in abeyance, nor made the required showing to permit the Court to lawfully grant a stay and abeyance, Option Two is not appropriate. *See McBride*, 76 F.4th at 513. Similarly, because Petitioner has not asked to dismiss his unexhausted claims and proceed only on his exhausted claim, Option Three is unsuitable at this time. *See id.* And this Court's respect for the textual exhaustion requirement in Section 2254(b)(1) counsels against Option Four. *See* 28 U.S.C. § 2254(b)(1). Therefore, Option One—dismissing the mixed petition "in its entirety"—fits the bill. *See McBride*, 76 F.4th at 513.

For the reasons set forth above, the Court **DISMISSES Petitioner's mixed petition without prejudice**.  Because the Court dismisses the Petition, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal.  A petitioner may appeal a final order in a habeas corpus case only if a COA issues, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).  When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because no reasonable jurist would debate the accuracy of the Court's procedural ruling, a COA will not issue.

**SO ORDERED.  AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
